## THE PEOPLE v. HURLEY.

An instruction asked for is properly refused when there is no evidence on the question of fact embraced in it.

On a trial for murder, weakness of mind, fear, and excitement, of the defendant, produced by the violence of the deceased, will not justify the homicide.

Nor is an assault and the infliction of great bodily harm upon the defendant by the deceased, a justification, unless it appear that it was necessary to take the life of the deceased to prevent such bodily harm.

The *impression* of the defendant at the time of the killing, that a great bodily harm was about to be inflicted upon him by the deceased, cannot be submitted to the jury as a justification, if they believe such an impression existed in the defendant's mind.

The impression must have been produced by circumstances sufficient to excite the fears of a reasonable person.

If the attempt to inflict bodily injury be made with a deadly weapon, then the reasonable fear and actual belief would justify the killing; but when the attempt does not constitute felony, there must exist the absolute necessity of taking life to prevent the bodily harm, in order to excuse the killing.

Where equivalent instructions are given and refused, the Court should place its refusal on the ground that equivalent instructions were given. Unless this is done in the presence of the jury, they may be misled by the refusal.

APPEAL from the District Court of the Fourteenth Judicial District, County of Sierra.

The defendant was indicted for the murder of one James Thompson, committed by shooting the latter with a pistol; defendant was convicted of murder in the second degree, and sentenced to ten years imprisonment; he now appeals to this Court, upon errors assigned in the refusal of the Court below, to give to the jury the instructions asked by him.

The first instruction was to the effect that if the prisoner drew his pistol with no intention of shooting, unless it became necessary, and that in the scuffle which ensued, the pistol went off accidentally, the jury must acquit. The other instructions asked are fully set forth in the opinion of the Court.

*Wm. M. Stewart* for Appellant.

*Wm. T. Wallace, Attorney-General,* for the People.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

The defendant was convicted of murder in the second degree. Certain instructions were offered by the counsel of the defendant, and refused by the Court, and the defendant excepted.

The first instruction offered by the defendant was properly refused, as there was no testimony tending to show that the pistol was accidentally discharged.

The second instruction was in these words:

" If the jury believe from the evidence, that the defendant,

through weakness of mind, and by fear and excitement, produced by the violence of deceased, did not know what the effect of his act, if fatal, would be, with reference to the crime of murder, they must find for defendant."

This instruction was properly refused upon two grounds:

1. There was no evidence upon which to predicate it.

2. The instruction itself is not good law.

The third instruction was this:

" If the jury believe from the evidence that the deceased made the first assault, and was continuing the same, and inflicting great bodily harm upon the person of the defendant at the time the fatal shot was fired, they must find for defendant."

The Court refused this instruction, but gave one in lieu thereof, which contained the same language up to the word " fired," and then added, " and that it was necessary to take the life of the deceased to prevent such bodily harm," then the jury should find for the defendant.

The instruction, as given, was correct, and in accordance with the thirty-first section of the act concerning crimes and punishments. Wood's Dig., 332.

The fourth and fifth instructions offered by defendant were substantially the same. The fifth was in these words:

If the jury believe from the evidence that the defendant fired the fatal shot, under the impression that great bodily harm was about to be inflicted upon him by the deceased, they must find defendant not guilty.

This instruction was properly refused, because it makes the " impression " of the defendant the justification of the act, whether that impression was produced by circumstances sufficient to excite the fears of a reasonable person or not. This was contrary to the thirtieth section of the act. Wood's Digest, 332.

Besides, the thirtieth section applies only to the cases mentioned in section twenty-nine. A reasonable fear and actual belief, will excuse the party in *those* cases. But a reasonable fear, and actual belief of great bodily harm, are not sufficient in *all* cases. The statute says the killing must be " absolutely necessary " to prevent it. The infliction of " great bodily harm " upon another, may, or may not, amount to a felony. So, an attempt, to inflict it, may, or may not, be a felony. If attempted with a deadly weapon, or with the intent to commit a felony, then the reasonable fear, and actual belief, would justify the killing. § 50. But when the attempt to inflict " great bodily harm " does not constitute felony, there must exist the absolute necessity mentioned by the thirty-first section, to excuse the killing.

The sixth and seventh instructions offered by the defendant contained sound law, but the Court gave the same in substance,

in its second instruction, and in language equally clear. When the instructions given, and that refused, are in substance the same, the party is not injured. Miles Davan and others *v.* Walker and others, April, 1857.

But in refusing such instruction, the Court should always place its refusal strictly upon the ground that equivalent instructions had been, or would be given. Unless this is done in the presence of the jury, they may be misled by the refusal.

We can find nothing in the record showing that the learned judge who refused the instruction, stated his reason for so doing. We think this was error.

Judgment reversed, and cause remanded.