PEOPLE, Respondent, *v.* SAMUEL JONES, Appellant.

No. 2068; December 17, 1869.

**Juror.—An Opinion as to Guilt or Innocence,** based on rumor or purported facts in the case, not fixed and settled but which would require evidence to remove, does not subject a proposed juror to challenge for implied bias.

**Criminal Trial—Examination of Witnesses.—A Defendant may not Open His Own Case** by cross-examining witnesses for the prosecution because they happen to know facts pertinent to the defense; he must wait until the prosecution rests, and then call the witnesses as his own.

**Criminal Trial.—Requested Instructions, When in Effect** they have already been given with equal fullness and greater accuracy, are properly refused.

APPEAL from Eighth Judicial District, Humboldt County.

Attorney General for respondent; Cadwalader for appellant.

SANDERSON, J.—The answer of Ensign, that "he had formed an opinion as to the guilt or innocence of the accused, based upon rumor, or what purported to be the facts in the case, which opinion would require evidence to remove, but that it was not a fixed and settled opinion," differs in no essential particular from the answers given by Davis in King's Case, 27 Cal. 508; and, for the reasons there stated, the court below did not err in disallowing the challenge of the defendant upon the ground of implied bias.

It was not error not to allow the witness Goodman to testify upon cross-examination as to what took place between the defendant and the deceased at Tompkin's saloon a short time before the homicide was committed. Counsel did not propose to contradict anything the witness had said in relation to what transpired at Brook's saloon, where the homicide was committed, nor explain in any manner the acts or facts to which the witness had testified. His object was to prove threats made by the deceased at Tompkin's saloon, which were clearly a part of the defendant's case. The rules of law in relation to the introduction of evidence do not allow a defendant to open his own case by cross-examining the plaintiff's witnesses, because they happen to know facts which are pertinent to the defense. In such cases the defendant must wait until the plaintiff rests, and then call the witnesses as his own: 1 Greenleaf on Evidence, sec. 447. But, in addition to this, the case shows that Goodman was afterward called by the defendant and the same facts elicited which counsel sought to prove by him upon cross-examination.

The second and third instructions requested by the defendant, in relation to the law of self-defense were properly refused, upon the ground that that branch of the law had just been declared by the court with equal fullness and greater accuracy. The same is true of the fifth, in relation to manslaughter.

It is contended, however, that if the court refused these instructions upon the ground that equivalent instructions had already been given, it was error in the court not to so state to the jury, and, in support of this doctrine the cases of Hurley (8 Cal. 390), Ramirez (13 Cal. 172), and Williams (17 Cal. 142) are cited.

If the instruction has been read or discussed by counsel in the hearing of the jury, and only where such has been the case, it may be well enough, as suggested in those cases, for the court to inform the jury that it is refused, because its equivalent has already been given, or is about to be given; but there is an obvious absurdity in adopting such a course. It is the same as saying to the jury: "This instruction represents the law correctly, but I refuse to give it to you as law because I have already done so, or am about to do so,"

35

which is both giving and refusing. It would be more consistent with the dignity of the court and the solemnity of the occasion to give the instruction. But be that as it may, if such was the duty of the court, there is nothing in the record in this case which shows that its performance was neglected or omitted. Error cannot be presumed, but must be shown: People v. Chung Lit, 17 Cal. 322; People v. Garcia, 25 Cal. 531; People v. Shuler, 28 Cal. 496.

Conceding that this court has jurisdiction to review the testimony in a criminal case and determine whether it sustains the verdict, which is a mooted question (People v. Jones, 31 Cal. 565), we find nothing in the facts in this case which lead us to doubt the justness of the verdict.

Judgment affirmed.

We concur: Rhodes, J.; Crockett, J.; Sawyer, C. J.