## McDANIEL v. CUMMINGS.

### No. 13,173; September 12, 1889.

22 Pac. 216.

**Surface Water—Unobstructed Flow.—Under Civil Code,** section 801, providing that the right of receiving water from or discharging it upon land, and "the right of having water flow without diminution or disturbance of any kind," may be attached as easements to other lands, the owner of upper land is entitled to the natural and unob-

structed flow of the surface water on and across adjoining land, and if the common-law rule is otherwise, it is abrogated by Political Code, section 4468, providing that the common law is the rule of decision "so far as it is not repugnant to or inconsistent with the constitution of the United States, or the constitution or laws of this state."

APPEAL from Superior Court, Colusa County; E. A. Bridgford, Judge.

H. M. Albery for appellant; Edwin Swinford and John T. Harrington for respondent.

WORKS, J.—The appellant being the owner of lands above and adjoining the lands of the respondent, the surface water from the lands flowed naturally on and across the lands of the latter. To prevent such flow the respondent constructed a dam on the line of his lands, thereby obstructing the waters and backing them onto the appellant's lands, to his damage. This action was brought to enjoin the respondent from thus obstructing the flow of the water as stated. A temporary injunction was issued, but was subsequently dissolved by the court below on the ground that, by the law of this state, the respondent had the right to obstruct and prevent the flow of the waters across his lands, although, by so doing, he overflowed and injured the lands of appellant. This court has held directly to the contrary in a well-considered case: Ogburn v. Connor, 46 Cal. 347, 13 Am. Rep. 213.

We are informed by the opinion of the learned judge of the court below, set out in the transcript, that he proceeded on the theory that by section 4468 of the Political Code the common law is made the rule of decision in this state, and that by the common law this action could not be maintained. But, conceding that such is the common-law rule, the section of the code referred to only makes the common law the rule of decision "so far as it is not repugnant to or inconsistent with the constitution of the United States, or the constitution or laws of this state."

Section 801 of our Civil Code provides: "The following land burdens, or servitudes upon land, may be attached to other lands as incidents or appurtenances, and are then called 'easements.' . . . . 9. The right of receiving water from or discharging the same upon land. . . . . 11. The right of having water flow without diminution or disturbance of any

kind.'' The appellant had the right, as an incident to his lands, to have the surface waters that might accumulate thereon flow on and across the respondent's lands, as they were accustomed to flow naturally; and the common law, conceding it to be as contended by the respondent, is clearly in conflict with this plain provision of the code, and can have no application to the question presented.

We are of the opinion that the rule laid down in Ogburn v. Connor, supra, is eminently just and right, and that it should not be disturbed. Order reversed.

We concur: Beatty, C. J.; Paterson, J.; Sharpstein, J.; Thornton, J.; Fox, J.; McFarland, J.