[No. 20551. In Bank. — September 16, 1889.]

THE PEOPLE, Respondent, *v.* SYLVESTER FITZPATRICK, Appellant.

Criminal Law — Receiving Stolen Property — View by Jury — Insufficient Objections. — Upon the trial of a defendant accused of receiving stolen property, knowing it to have been stolen, it is an improper and unauthorized proceeding to conduct the jury to view a steer alleged to have been one of the cattle stolen; the only authorized view of a jury being of the place in which the offense is charged to have been committed; but if the proceeding is not objected to as being irregular and unauthorized, and an exception is taken only upon grounds which are

not tenable, it cannot be objected on appeal for the first time that the proceeding was irregular and unauthorized.

ID. — PROOF OF OFFENSE. — Upon the trial of an accusation of receiving stolen property, knowing it to have been stolen, it is not necessary to prove either that the defendant had received all the property stated in the indictment, or that the part which he did receive was of a particular value. The character or grade of the offense does not depend upon the value of the property received.

ID. — EVIDENCE — CONDUCT OF DEFENDANT WHEN ARRESTED. — Evidence of the prosecution as to the boisterous conduct of the defendant when arrested, and his objection to being disgraced by arrest, cannot be prejudicially erroneous to the defendant.

ID. — EXPERT EVIDENCE — BRANDS AND CATTLE-MARKS. — A witness who shows sufficient knowledge about brands and cattle-marks to testify upon the subject may be examined as an expert, although not familiar with particular brands used in certain counties.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*G. G. Goucher,* and *L. J. Maddox,* for Appellant.

*Attorney-General Johnson,* for Respondent.

McFARLAND, J.—The defendant was convicted of the crime of receiving personal property (several head of cattle), knowing the same to have been stolen; and he appeals from the judgment, and from an order denying a new trial.

1. What, at first glance, seems to be the most important contention made by appellant is, that the court erred in ordering the jury to be conducted to a corral to view a certain steer alleged to have been one of the cattle stolen. The court seems to have thought that the order was permissible under section 1119 of the Penal Code. But that section only provides that a similar order may be made "when, in the opinion of the court, it is proper that the jury should view the *place* in which the offense is charged to have been committed, or in which any other material fact occurred"; and as a steer is not a "place," it is quite evident that the order made in the case at bar is not

within the provision of that section of the code. If, therefore, the proper objection to the proceeding had been made by appellant, a very serious question would have arisen. It is true that the order of the court recites that "the reporter, clerk, deputy sheriff, judge of the court, and the defendant will accompany the jury in this view, and the defendant's counsel," but it does not appear that they did so, or that the court assembled at the place where the steer was, as an organized court, and conducted the examination in the usual way, as a part of the regular trial. The order appointed Samuel Miller, one of the witnesses, "to show and point out said animal to the jury." There does not appear to have been any opportunity for counsel to examine, or cross-examine, Miller, or to call the attention of the jury to the particular features of the brands and marks on the animal about which there was a conflict of evidence. The record merely states that "the jury inspected the steer." It is difficult to see, therefore, how the proceeding can be taken out of the rule that a jury must base its verdict upon evidence regularly introduced before it during the trial, and must not receive evidence out of court, although it seems to have been countenanced in *People* v. *Bonney,* 19 Cal. 446.

But the appellant did not object upon the ground that the proceeding itself was irregular, illegal, or unauthorized, and the attention of the court was not called in any way to that view of the subject. The ground of the objection to the order was that "the animal in question has not been shown to be in the same condition it was when the animal is alleged to have been received by the defendant." To which counsel for the prosecution responded: "We don't claim the brand is the same; but that the ear-marks and dewlap is the same." The order for the view having then been made, counsel for defendant said: "To which order the defendant excepts on grounds heretofore stated in objecting to the motion."

He then asked the court as to the scope of the investigation, and the court replied that the order was that "the jury inspect this steer, and they can examine all parts of him. That is the extent of the order of the court." Whereupon counsel for the defendant said: "To which we will except, and I will ask the court to instruct the jury not to inspect the brand, as has been shown to have been changed." The court denied the motion, and defendant excepted. These are all the objections and exceptions upon the point. If the attention of the court below had been called to what is *now* claimed to have been the vice of the proceeding, the ruling might have been different; but the objections which *were* then made were untenable, and we do not think that under the circumstances the appellant should be heard to make here for the first time the point which he now urges.

(It may be remarked that sending a jury out to view premises, even when clearly within section 1119 of the Political Code, is a hazardous proceeding, and frequently leads to difficulties; and it would be well for trial courts not to make use of the power therein given except in cases which seem to imperatively call for it.)

2. There was no error in the instructions given to the jury, and they were quite favorable to defendant. The contention of appellant on this point is, that under the instructions the jury might have found the defendant guilty, although it had not been proved that he had received *all* the cattle mentioned in the indictment. But that was not error. The character or grade of the statutory crime with which appellant was charged did not depend upon the *value* of the property received by him; and it was not necessary to prove, either that he had received all the property stated in the indictment, or that the part which he did receive was of a particular value. (Bishop's Criminal Procedure, sec. 723.)

3. Appellant objected to testimony of witness Miller as to defendant's manner at the time of his arrest. But

all that Miller said was, that when defendant was arrested "he got very mad"; "he got boisterous"; and "stamped, and said it was a disgrace to be arrested, and he had a very creditable people, much more so than I had." It is unnecessary to inquire into the admissibility of this testimony; for we do not see how it could possibly have been injurious to appellant.

4. There are no other points necessary to be noticed in detail. Miller showed sufficient knowledge about brands and cattle-marks to testify upon the subject, although not familiar with particular brands used in certain counties. The testimony to impeach the witness Fagan was properly admitted. The testimony of Miller as to William Carter was admissible, as it tended to prove that the cattle had been stolen. The evidence was sufficient to support the verdict; and we see no material error in the record.

The judgment and order are affirmed.

WORKS, J., SHARPSTEIN, J., FOX, J., THORNTON, J., and BEATTY, C. J., concurred.

Rehearing denied.