[Crim. No. 414.   Second Appellate District.—July 29, 1915.]

THE PEOPLE, Respondent, v. JOHN HOWARD, Appellant.

CRIMINAL LAW—VIEWING PREMISES BY JURY—DISCRETION OF COURT.—Under section 1119 of the Penal Code it is a matter committed solely to the discretion of the trial court whether it shall order the jury to view the premises in a criminal prosecution; and it is held under the facts of this case there was no error in refusing a request therefor.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

John J. Craig, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

SHAW, J.—The only point involved in defendant's appeal from the final judgment and order denying his motion for a new trial is that the court erred in refusing to make an order granting defendant's request that the jury be permitted to view the premises where the burglary with which defendant is charged was alleged to have been committed. Section 1119 of the Penal Code, provides: ''When, in the opinion of the court, it is proper that the jury should view the place in which the offense is charged to have been committed, or in which any other material fact occurred, it may order the jury to be conducted in a body, . . . to the place, . . .'' It thus appears that the making of such order is a matter committed solely to the discretion of the court, and it is difficult to conceive of a case in which the facts would justify a reversal for an abuse of such discretion. ''Sending a jury out to view premises, even when clearly within section 1119 of the Penal Code, is a hazardous proceeding, and frequently leads to difficulties, and it would be well for trial courts not to make use of the power therein given except in cases which seem to imperatively call for it.'' (*People* v. *Fitzpatrick,* 80 Cal. 541, [22 Pac. 216]. The alleged burglary was committed at about 3:30 A. M., on December 22, 1914, in a room of a hotel in the city of Los Angeles. The complaining witness identified defendant as one of the persons engaged in the commission thereof. There was no light in the room, but the door of the room was open, through which the lights burning in the hall, as shown by the testimony, afforded sufficient illumination for him to identify defendant. The fact that other witnesses testified at the time of the trial held in April that it would be difficult or even impossible for them under the circumstances shown to recognize another, did not present a condition rendering it necessary to send the jury to the place where the burglary was committed. Moreover, there was other evidence strongly tending to show the guilt of defendant.

The appeal is wholly without merit, and the judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.