[Crim. No. 457.  Second Appellate District.—May 5, 1916.]

## THE PEOPLE, Respondent, v. HARRY MAUPINS, Appellant.

CRIMINAL LAW — MAYHEM — REFUSAL OF INSTRUCTIONS — WHEN NOT ERRONEOUS.—It is not error for the court in a prosecution for mayhem to refuse to give instructions offered by the defendant where the substance of the requested instructions is covered by the court's oral charge to the jury; nor is the court's refusal, in such a case, to state to the jury why it does not give the instructions prejudicial to the defendant.

ID.—VIEWING SCENE OF CRIME BY JURY—DISCRETION OF COURT.—Granting or refusing the defendant's request, that the jury be permitted to view the premises where the offense was committed, is a matter within the discretion of the trial court, and its order refusing such request will not be interfered with on appeal where the record does not disclose any abuse of discretion.

ID.—TIME OF TRIAL—SECTION 1382, PENAL CODE.—Under section 1382 of the Penal Code, providing that the court, unless good cause to the contrary is shown, must order the prosecution to be dismissed, if a defendant, whose trial has not been postponed on his application, is not brought to trial within sixty days after the finding of the indictment or filing of the information, where the defendant is brought to trial within the sixty days, but there is a mistrial, and

the case is thereafter tried more than sixty days after the filing of the information, the mistrial constitutes "good cause," mentioned in said section, for the court's denying a motion to dismiss the information upon the ground that the action was not brought to trial within sixty days.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial. T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

A. T. Roark, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

SHAW, J.—Defendant was convicted upon an information filed August 11, 1915, charging him with the crime of mayhem.

He appeals from the judgment and an order denying his motion for a new trial.

The fact that the court refused to give certain instructions requested by defendant is assigned as prejudicial error. An examination of the oral charge made by the court to the jury discloses that the substance of these requested instructions was fully covered therein; hence there was no necessity for repetition. (*People* v. *Williams,* 32 Cal. 280; *People* v. *Strong,* 30 Cal. 151.) Appellant, while conceding this proposition, nevertheless insists that where the refusal to give an instruction is based upon such ground it is incumbent upon the court to so state in the presence of the jury. This contention finds support in *People* v. *Hurley,* 8 Cal. 390, 392, and *People* v. *Williams,* 17 Cal. 142, in the latter of which it is said: "If the court refuses a proper instruction in a criminal case, it is no answer to the error assigned for this cause, that an equivalent one was before given, unless this reason be assigned at the time for the refusal." We do not concede the doctrine thus enunciated in these early cases to constitute the law. Since the instructions refused are not read to the jury, no purpose could be subserved by requiring the court to state the ground for such refusal. In no event, however, could defendant be prejudiced by the

failure of the court to state in the presence of the jury its reason for refusing to give an instruction requested. (*People* v. *Ramirez*, 56 Cal. 533, [38 Am. Rep. 73].)

Error is also predicated upon a ruling of the court refusing to make an order granting defendant's request that the jury be permitted to view the premises where the offense was committed. Section 1119 of the Penal Code provides: "When, in the opinion of the court, it is proper that the jury should view the place in which the offense is charged to have been committed, or in which any other material fact occurred, it may order the jury to be conducted in a body, . . . to the place, . . . " Upon this question, we repeat what was said by this court in the case of *People* v. *Howard*, 28 Cal. App. 180, [151 Pac. 754]: "It thus appears that the making of such order is a matter committed solely to the discretion of the court, and it is difficult to conceive of a case in which the facts would justify a reversal for an abuse of such discretion." In *People* v. *Fitzpatrick*, 80 Cal. 538, 541, [22 Pac. 215], it is said: "Sending a jury out to view premises, even when clearly within section 1119 of the Penal Code, is a hazardous proceeding, and frequently leads to difficulties; and it would be well for trial courts not to make use of the power therein given except in cases which seem to imperatively call for it." There is nothing in the record which discloses any abuse of discretion on the part of the court in making the order complained of.

As stated, the information was filed on August 11, 1915. On October 19, 1915, more than sixty days after the filing of said information, defendant made a motion that the prosecution of defendant be dismissed upon the ground that more than sixty days had elapsed since the filing of the information charging him with the offense, which motion was denied. Section 1382 of the Penal Code provides: "The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases: . . . 2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within sixty days after the finding of the indictment, or filing of the information." It appears that upon the filing of the information defendant was duly arraigned and his trial set for August 20, 1915; that on said last-mentioned date the court proceeded with the trial, which continued until August 24, 1915, at which time

the jury, having been unable to agree upon a verdict, were discharged. Thereafter, on October 19, 1915, defendant was tried a second time and convicted. It thus appears that, within sixty days from the filing of the information, there was a mistrial, which, under the decisions of the supreme court, constitutes the "good cause" mentioned in the section quoted for the court's ruling. (*Ex parte Ross,* 82 Cal. 109, [22 Pac. 1086]; *People* v. *Chadwick,* 143 Cal. 116, [76 Pac. 884].)

An examination of the alleged errors predicated upon the rulings of the court in admitting and refusing to admit testimony, discloses no prejudicial error. Nor is there any merit in defendant's contention that his substantial rights were prejudiced by misconduct of the district attorney in commenting upon the testimony.

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.