[Crim. No. 420.   Second Appellate District.—May 6, 1916.]

THE PEOPLE, Respondent, v. J. B. VERMILLION, Appellant.

State Medical Act—Treating Sick Without License.—In this prosecution for having practiced a system or mode of treating the sick without a certificate issued by the state board of medical examiners, it is held on the authority of *People* v. *Jordan*, 172 Cal. 391, and *People* v. *Ratledge*, 172 Cal. 401, that the judgment and order denying a new trial should be affirmed.

Id.—Practicing Without Compensation — Violation of Act.—The State Medical Act makes it unlawful for a person to practice any art of healing without having first obtained a certificate from the medical board, and the act is intended to cover such practice whether the service is gratuitous or not.

Id.—Refusal of Instructions—When Proper.—Where the court refuses to give certain instructions offered by the defendant for the reason that the same propositions have been sufficiently stated in the instructions given, it is not necessary for the court to state to the jury the reason for the refusal.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.   T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

Clifford C. Pease, and L. L. Burr, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

30 Cal. App.—27

THE COURT.—Appellant was convicted of having practiced a system and mode of treating the sick and afflicted without possessing a certificate issued by the state board of medical examiners entitling him so to do. The supreme court of this state, in the cases of *People* v. *Jordan,* 172 Cal. 391, [156 Pac. 451], and *People* v. *Ratledge,* 172 Cal. 401, [156 Pac. 455], has decided adversely to appellant's contentions, as to the main questions raised upon this appeal, and upon the authority of those decisions the judgment and order denying the motion for a new trial should be affirmed.

The added contention not considered in the cases cited, to wit, that appellant could not be properly convicted unless it were shown that he charged a fee for his services, we think must be decided against him. The statute under which the prosecution was had makes it unlawful for a person to practice any art of healing without having first obtained a certificate from the medical board, and we think the act is intended to and does cover such practice whether the service is gratuitous or not. However, it was shown in evidence by the defendant's own testimony that he had engaged in the practice of a healing art, styling himself a "chiropractic," for a period of five years immediately preceding the date of his arrest. It was shown that he maintained a regular office in a business building in the city of San Diego, and there was testimony showing that he had treated in a professional way three different patients who were suffering from bodily ills. There was evidence also that in one case payment was offered and accepted by him in return for the services rendered. Defendant admitted the receipt of this money, but declined to state whether he regularly made a charge for his services. The fair inference from all the testimony which we think the jury was entitled to draw, was that he regularly practiced a healing art, and, furthermore, that he did so for remuneration. Some contention is made that the service which appellant rendered to persons described in the evidence was in the nature of emergency service not prohibited by the Medical Act. There was no evidence tending to show that the services were of an emergency character; that is, services rendered by way of affording temporary relief until the services of a regular practitioner could be procured. The persons who were thus treated were shown to have previously had the attention of physicians and their ailments were more or

less of a chronic sort, and that the services of appellant were sought, to some extent at least, as a last resort, and after other practitioners had failed to afford relief. Treatment so rendered could not in any sense be classed under the head of "emergency service."

The instructions given by the court we think properly stated the law, and that no error was committed in refusing to charge the jury as appellant requested in certain offered instructions. It was not necessary, where the court refused instructions offered, for the reason that the same propositions had been sufficiently stated in the instructions given, to state such reason to the jury. See *People* v. *Maupins, ante,* p. 392, [158 Pac. 502], decided by this court on the fifth day of May, 1916.

The judgment and order are affirmed.