[Crim. No. 433.   Second Appellate District.—May 6, 1916.]

THE PEOPLE, Respondent, v. N. C. OAKLEY, Appellant.

STATE MEDICAL ACT—TREATING THE SICK WITHOUT LICENSE—TEACHING CHIROPRACTIC SYSTEM.—A teacher and demonstrator of the chiropractic system before a class in a chiropractic school, the subjects of such demonstration being the sick and afflicted who, at his hands, sought and received treatment free of charge, is not exempt from the operation of the State Medical Act.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial. T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

Clifford C. Pease, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

THE COURT.—Appellant was convicted of having practiced a system and mode of treating the sick and afflicted without possessing a certificate issued by the state board of medical ex-

aminers entitling him so to do. The facts in the case are substantially the same as those involved in that of *People* v. *Vermillion, ante,* p. 417, [158 Pac. 504], an opinion in which was this day filed. While defendant's practice, as shown, was as a teacher and demonstrator of the chiropractic system before a class in a chiropractic school, the subjects of such demonstration being the sick and afflicted who, at his hands, sought and received treatment free of charge, such fact did not exempt him from the operation of the law. An examination of the record discloses no grounds possessing any merit other than those urged in the Vermillion case, *supra,* and in the cases of *People* v. *Jordan,* 172 Cal. 391, [156 Pac. 451], and *People* v. *Ratledge,* 172 Cal. 401, [156 Pac. 455], upon the authority of which the judgment and order appealed from must be and are affirmed.