[Crim. No. 542. Second Appellate District.—July 27, 1917.]

THE PEOPLE, Respondent, v. B. C. LYTLE, Appellant.

CRIMINAL LAW—JURY—CHALLENGES FOR CAUSE—RULINGS WHEN NOT PREJUDICIAL.—In a criminal action, the defendant is not prejudiced by erroneous rulings on challenges for cause to jurors, where he has not exercised his peremptory challenges.

ID.—EXERCISE OF PEREMPTORY CHALLENGES—PROCEDURE CONFORMABLE TO RULE OF COURT—INSUFFICIENT RECORD.—A claim that all of the peremptory challenges were exercised by writing the names of jurors made the subject of such challenges upon slips of paper and passed to the trial judge in accordance with a rule of court, of which no record was made, as shown by either the minutes of the court or in the stenographic notes of the reporter, cannot be considered on appeal, since no warrant exists in law for such a rule or procedure.

ID.—ASSAULT WITH CAUSTIC CHEMICAL—INSTRUCTION—CREDIBILITY OF HANDWRITING EXPERTS.—In a prosecution for the crime of assault with a caustic chemical, where certain notes and writings were introduced in evidence which, if written by the defendant, as claimed by the prosecution, tended to connect him with the commission of the crime, an instruction to the effect that individuals, as a general rule, acquire a system of forming letters which gives to their handwriting a fixed character and distinguishes it from the handwriting of every other person, and that handwriting is an art concerning which correctness of opinion is susceptible of demonstration, is not objectionable as an instruction as to the weight that should be given to the testimony of experts who gave conflicting testimony.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

J. F. Seymour, Jr., for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

SHAW, J.—The information contained two counts. The first charged the defendant with the crime of assault with caustic chemical, as defined in section 244 of the Penal Code, in that he did, on or about December 8, 1915, throw upon the person of Thomas C. Potts a certain vitriol, corrosive acid, nitric acid, and caustic chemical, with intent to injure and dis-

figure the body and person of said Potts. The second count charges defendant with a like offense committed upon the same person, to wit, Thomas C. Potts, on June 12, 1916. Defendant was found guilty as charged in each of said counts so contained in the information, and prosecutes this appeal from the judgment pronounced upon him following his conviction.

One of the chief errors assigned by counsel for appellant and to which he devotes a large part of a voluminous brief is that the court erred in denying his challenge for cause to certain jurors called to try the case. The condition of the record, however, is such that this court cannot review the alleged error. Under the law defendant was entitled to ten peremptory challenges, by the use of which, unless his right was exhausted by the exercise thereof, he might have excluded the objectionable persons from the jury. There is absolutely nothing in the record showing that defendant exercised any of the peremptory challenges to which he was entitled. This being true, and conceding the court erred, it cannot be said that he was prejudiced by the erroneous rulings. (*People* v. *Durrant,* 116 Cal. 179, [48 Pac. 75] ; *People* v. *Winthrop,* 118 Cal. 85, [50 Pac. 390].)

In justice to counsel it should be said that he *claims* to have exercised all of his peremptory challenges by writing the names of jurors made the subject of such challenges upon slips of paper and passed them to the trial judge, in accordance with an alleged rule of court. No record of such action was made, as shown either by the minutes of the court or in the stenographic notes of the reporter. No protest or objection appears to have been made by counsel for appellant to compliance with this novel procedure which deprives his client of the right to have the alleged erroneous rulings of the court in denying challenges of jurors for cause reviewed on appeal. In our opinion, no warrant exists in law for a rule or procedure which deprives an accused of a record upon which he is entitled to have alleged erroneous rulings made in the course of his trial reviewed. While the Constitution accords to an accused the right to a public trial, nevertheless, if denied him, he must on appeal present a record authenticated as the law directs affirmatively showing the fact. Since the record fails to show that appellant had exhausted his peremptory challenges, he could not have been prejudiced by

the ruling of the court in denying his challenges for cause, for the reason that by the exercise of such unused peremptory challenges he could have prevented the obnoxious jurors from serving.

At the close of the oral argument made by counsel for appellant at the hearing of the cause, this court directed his attention to the fact that in his brief, covering several hundred pages, he specified sixty separate alleged erroneous rulings of the court as grounds for reversal of the judgment; that a cursory examination of the record disclosed that many of the points so made were utterly groundless, in response to which counsel stated that the material points upon which he relied were those which he had presented in his oral argument. Hence, in examining the voluminous record and lengthy brief, we have given consideration only to those points to which our attention was thus directed by counsel in the oral presentation of the case.

Thomas Potts, the victim of the alleged unlawful assault, conducted a drug-store in Holtville, Imperial County, employing defendant as his chief clerk. At about 1 or 2 o'clock A. M. on December 8, 1915, while Potts was asleep on a screen porch of his house, nitric acid was thrown upon his face and head, inflicting severe burns. A second and like offense was committed at about 1 o'clock A. M. on June 12, 1916, while Potts was sleeping in an inside room of a house which he occupied. The theory of the prosecution was that both offenses were committed by defendant, and in support of such theory much circumstantial evidence tending to prove that he had committed both offenses as charged was introduced; indeed, it may be said that his conviction rests solely upon circumstantial evidence, there being no direct testimony tending to show that he committed either offense. Nevertheless there was ample evidence which, if believed by the jury, was sufficient to establish circumstances from which they were justified in drawing the inference that defendant had committed the offenses.

There was introduced in evidence certain notes and writings which, if written by defendant as claimed by the prosecution, tended to connect him with the commission of the crimes. For the purpose of proving they were so written, experts in handwriting were called, one of whom on behalf of the prosecution testified that in comparing the notes and

writings with the admitted genuine chirography of defendant, he found them to be in the same handwriting, which testimony was contradicted by an expert called on behalf of defendant. In connection with this evidence the court instructed the jury to the effect that individuals, as a general rule, acquire a system of forming letters which gives to their handwriting a fixed character and distinguishes it from the handwriting of every other person, and that handwriting is an art concerning which correctness of opinion is susceptible of demonstration. The right of either party, in a proper case, to introduce opinion evidence of experts as to the identity of disputed handwriting, which right in this case was exercised by both, cannot be questioned; hence there was no occasion for the statements made in the instruction. Nevertheless they are not subject to appellant's objection that the court thereby instructed the jury as to the weight which they should give such evidence. However read, since there were two such witnesses whose testimony was conflicting, it could not be understood by the jury as an expression on the part of the court as to the credibility of either. Moreover, the court properly told the jury that while such witnesses might give their reasons for the opinions expressed, the jury should "apply the same general rules to the testimony of experts that are applicable to the testimony of other witnesses in determining its weight."

The court instructed the jury "that it is the duty of the prosecution to prove each and every material allegation in each of the two counts of the information, and that if the prosecution fails to prove each and every material allegation in the first count, you must acquit the defendant of the first count, and if the prosecution fails to prove each and every material allegation of the second count of the information, you must acquit the defendant on the second count." Notwithstanding the fact that the court so instructed the jury, appellant assigns as error the fact that the court, at his request, refused to give to the jury the following instruction: "You, the jury, are instructed that in determining the guilt or innocence of this defendant, on the two counts set forth in the information, you shall confine the testimony offered as to the first count, to that count, and the testimony offered as to the second count, to that count. In other words, you are instructed that each count in the information must be sep-

arately proved to your satisfaction beyond a reasonable doubt before you can convict the defendant of either or both of the counts of the information.'' That the rights of defendant in this regard were fully covered by the first instruction above quoted, must be apparent; hence, conceding the requested instruction correct, it was, in view of the one given, properly refused.

. The contention that a sufficient foundation was not laid for introducing in evidence certain articles, consisting of a note found under a glass in the house occupied by Potts, and also an acid bottle, jelly glass, piece of screen, and notes and parts of envelopes containing the same, concerning which much testimony was offered, is without merit. The identity of the articles so found was clearly established. Were it otherwise, and conceding the claim of appellant, it is apparent upon the record that he could not possibly have been prejudiced by reason of the introduction of such evidence marked as exhibits in the case.

The record does not disclose what was said by the district attorney in the course of his argument to the jury, and hence there is nothing upon which to base appellant's assignment of error on account of misconduct of the district attorney in making improper statements to the jury. Neither is there anything in the record showing an abuse of discretion on the part of the court in refusing, at defendant's request, to make an order permitting the jury to view the premises where the offense charged was alleged to have been committed. Indeed, as said in *People* v. *Howard,* 28 Cal. App. 180, 181, [151 Pac. 754], ''it is difficult to conceive of a case in which the facts would justify a reversal for an abuse of such discretion.'' Our attention has not been directed to any prejudicial error disclosed by the record.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.