[Crim. No. 1362. First Appellate District, Division Two.—October 29, 1927.]

THE PEOPLE, Respondent, v. JOHN W. McKENZIE, Appellant.

Melvin, McClure & Sullivan for Appellant.

U. S. Webb, Attorney-General, and Lionel B. Browne, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The grand jury of Alameda County returned an indictment against the defendant and another charging them with subornation of perjury. John W. McKenzie pleaded guilty and applied for probation; the cause was referred to the probation officer, who made an investigation and filed a report; before the hearing on the report was had the defendant moved to withdraw his plea of guilty and to enter a plea of not guilty; the motion was denied; the application for probation was heard and denied, and judgment on the indictment was entered. From the judgment and from the orders denying the two motions the defendant has appealed.

For the purpose of making clear the facts contained in this record it should be stated that the defendant was by the grand jury, under a separate indictment, accused of the crime of perjury and that the same proceedings were had and the same appeal was taken; and that all of said proceedings were had consecutively.

Both indictments were returned and filed July 7, 1926. Both pleas were entered July 9, 1926. The application for probation was made in each case on the latter date. Proceedings in each case were, on the request of the defendant, or with the consent of the defendant, continued from time to time until August 24, 1926. When the cases were called on that date the attorney for the defendant answered ready. Immediately thereafter the defendant, in person, stated to the court: "I pleaded guilty to the charge of subornation of perjury to the court, and this was through an understanding with the district attorney's office, to convict the other defendants, Marion Scott and George Holmden, and I find I have convicted myself of subornation of perjury, and I desire, under the circumstances, to change my plea to not guilty." Thereafter the defendant's attorney stated to the court that the defendant had stated to him that the pleas were entered because the prosecuting officers had represented

to the defendant that he would be used as the state's witness and would not be sent to prison. On that statement the cases were continued for a hearing on the question as to whether the prosecuting officers had made such statements.

Neither at the time above mentioned nor at any other time did the defendant make any formal assignments of error in the trial court. He made such assignments and filed the same with the clerk on the day he took an appeal. In his brief he repeated those assignments, six in number. However, he did not argue any one of those points, he did not cite those parts of the record which he claimed supported him, and he did not cite any authorities; but he then proceeded to state three points.

1. Defendant in this case was apprehended in the city and county of San Francisco and taken to the county jail of Alamada County, where he was lodged. The record is wholly silent on the point. The point, as stated, discloses no error.

2. The next step in the proceedings was that defendant was taken before a department of the superior court other than that to which his case had been assigned. The record is silent on the point. On this appeal we must presume that the cause was regularly transferred from one department to another department of the superior court.

As a part of this point, it is asserted that immediately prior thereto a deputy district attorney of Alameda County had conferred with defendant and had told him the best thing he could do was to plead guilty to both charges and that they would ask for probation from the judge of the court. The record shows that the defendant supported that statement by his oath. It also discloses that the deputy mentioned was Mr. St. Sure and that the latter testified that he never made such statements to the defendant.

3. Finally, it is contended the defendant did not have an opportunity of conferring with counsel at any time for more than a minute or two prior to the entry of his plea of guilty, which he rushed into relying on the hope held out to him by the deputy district attorney. The latter part of the point we have just discussed. The first part of the point is wholly unsupported by the record.

Notwithstanding no formal motion had been made and although no issue was presented, on August 28, 1926, the

trial court heard counsel argue, and allowed witnesses to be sworn and examined on the issue as presented by the informal statement made by the defendant's attorney on August 26, 1926. The defendant testified to certain statements made to him by Oscar Rasmussen, Mr. Hill, P. F. St. Sure, R. P. Tracy, and G. R. Helms, supporting or tending to support his statement theretofore made in open court. He also testified as to the time and place that each statement was made. The prosecution called the persons who, the defendant testified, had made the statements and by such witnesses proved that the person was not a prosecuting officer, or that he did not make the alleged statement or promise to the defendant, or if he did, that the statement was not as the defendant had testified.

During the examination of the witnesses above referred to, the attorney for the defendant stated that there was a doubt as to the defendant's sanity. Thereupon the trial judge appointed a commissioner to examine the defendant as to being sane or insane and continued the case for the purpose of having the examination made. Later Dr. Hamlin, the commissioner, made an examination of the defendant's sanity and thereafter appeared in open court and testified that the defendant was not insane.

The facts recited in the defendant's brief have caused us to make a meticulous examination of the entire record. After making that examination it is clear to us that in the trial court the defendant proceeded most informally; but it is quite clear that in every respect the rights of the defendant were most carefully guarded by the trial court.

We find no error in the record. The judgment and orders appealed from are affirmed.

Nourse, J., and Koford, P. J., concurred.