[Crim. No. 4083.   Second Dist., Div. Two.   Apr. 3, 1947.]

THE PEOPLE, Respondent, v. FRANK W. O'NEILL, Appellant.

890

Frank W. O'Neill, in pro. per. for Appellant.

Fred N. Howser, Attorney General, and John F. Hassler, Deputy Attorney General, for Respondent.

WILSON, J.—Appellant was charged with the crime of robbery with two prior convictions of felonies for each of which he served a term of imprisonment in the state prison. Upon his arraignment he was without counsel and the public defender was appointed by the court to represent him. Subsequently, with his counsel present, he pleaded not guilty and denied the prior convictions. Several days before the day set for his trial, pursuant to appellant's personal request made in open court, the public defender was relieved from further service as his counsel and thereafter he appeared in propria persona. When the case was called for trial he requested and was granted a continuance for the reason that certain witnesses desired by him were not present because they had not been served with subpoenas. On the day to which the trial was continued appellant withdrew his denial of prior convictions and admitted both, to wit, assault with a deadly weapon and petty theft with a prior felony, both convictions having been in the State of California. He then announced that he was ready for trial, waived a jury and consented to a trial by the court. He made no request for the appointment of an attorney and conducted his own defense. The court found him guilty as charged and denied his motion for a new trial. The appeal is from the judgment of conviction and from the order denying a new trial.

As one of the grounds of appeal appellant asserts that he was denied due process of law by reason of his having been

placed on trial without benefit of counsel. Since he waived his right to counsel by voluntarily dismissing the public defender who had represented him by appointment of the court the objection now made is without avail. While a person charged with crime is entitled to representation by counsel (Const., art. I, § 13) the right is one that he may waive. (*In re Connor*, 16 Cal.2d 701, 709 [108 P.2d 10]. ██ An express waiver is not necessary, an implied waiver being sufficient. (*In re Jingles*, 27 Cal.2d 496, 499 [165 P.2d 12] ; *In re Connor* 15 Cal.2d 161, 165 [99 P.2d 248].) The minutes of the court recite that: ''Pursuant to a personal request by the defendant, the Public Defender is relieved as his counsel, the defendant now appearing in Propria Persona.'' Appellant had been twice convicted of felonies before his trial upon the present charge and it would be assumed ''that he was not unfamiliar with court proceedings, and that there is no injustice to him to apply the rules of waiver to his case in view of his undoubted familiarity of such matters and his attitude in court.'' (*In re Connor*, 15 Cal.2d 161, 165 [99 P.2d 248].) ██ When the public defender is appointed to represent a defendant in a criminal case, he is the attorney for the accused for all purposes of the action to the same extent as an attorney regularly retained and employed by a defendant. (*In re Hough*, 24 Cal.2d 522, 529 [150 P.2d 448].) ██ A defendant cannot urge as a ground for reversal that the trial court failed to appoint suitable. counsel to represent him where prior to the trial he appeared before the court and without apparent good reason terminated the services of the public defender who had been acting as his counsel and when the case was called for trial stated that he was ready to proceed. (*People* v. *Cortze,* 108 Cal.App. 111, 112 [290 P. 1083].) Appellant did not ask for a continuance for the purpose of obtaining counsel and if he had done so the trial court would not have erred in the circumstances existing here in refusing to grant the request. (*People* v. *Russell,* 156 Cal. 450, 455 [105 P. 416].)

██ Appellant complains that in violation of the Sixth Amendment to the Constitution of the United States certain witnesses were not called by the prosecution, whereby he was denied the right of confrontation. That amendment is applicable only to proceedings in federal courts and not to those in state courts. (*People* v. *Wallach,* 79 Cal.App. 605, 607 [250 P.

578] ; *People* v. *Wilson,* 26 Cal.App. 336, 338 [146 P. 1048].)

■ Furthermore the right to be confronted with witnesses by a person charged with a criminal offense is the right to have witnesses testify in his presence and the right of the accused to cross-examine them. (*People* v. *Schwarz,* 78 Cal.App. 561, 579 [248 P. 990].) There is no requirement in either the federal or the state Constitution that all witnesses or persons who may have knowledge of the crime be produced in court or called to testify.

■ Appellant contends in his brief that the transcript of the trial is incorrect in certain particulars and argues matters that find no support in the record. Neither his objection to the record nor his argument on matters not contained in it will be considered by an appellate court since it is presumed that all proceedings were regular. (*People* v. *McKenzie,* 86 Cal.App. 432, 434 [260 P. 912] ; *People* v. *Gonzales,* 88 Cal.App. 245, 247 [262 P. 1115].) We cannot entertain appellant's assertions of irregularity that do not appear in the transcript of the trial. (*People* v. *Lytle,* 34 Cal.App. 360, 361 [167 P. 552].)

■ Appellant complains that certain witnesses for whom he had requested subpoenas did not appear for the reason that they were not served with process, the sheriff having noted on his return that one or more were out of town or not found. There is nothing in the record to impeach the sheriff's return nor is there anything to show that the absent witnesses were material or that they would have given evidence relative to the case.

Obviously the court did not commit error in refusing to believe those portions of appellant's evidence that were contradicted by other witnesses.

Defendant admitted having taken the money referred to in the information from his victim, Walker, but testified that the latter was a bookmaker and that the money had been wagered with Walker on horse races. Appellant contends that he was retaking money wagered by him in an illegal game, relying on *People* v. *Rosen,* 11 Cal.2d 147 [78 P.2d 727, 116 A.L.R. 991]. Walker testified that he was not a bookmaker, that he never at any time received a wager from appellant, and that he did not owe the latter any money. The court refused to believe appellant's testimony and did believe Walker's. The Rosen case therefore is inapplicable.

Appellant asserts that on the morning of his trial and before the opening of court the prospective jurors were in the courtroom intermingled with the witnesses against appellant. If this situation would have constituted error in the event that appellant had been tried by a jury composed of persons referred to the error was disposed of by appellant's waiver of a trial by jury.

Finally, appellant asserts that the judgment must be reversed for the reason that no evidence was introduced to prove a motive for the robbery. The evidence shows that appellant entered an office where Walker was seated and while about a foot or 18 inches from the latter drew out a knife with an open blade and said, "This is it. Give me your money." Walker laid his wallet on the table and said, "There it is." This was followed by a fight between the two men after which appellant took the money and left the office. Walker's evidence was corroborated by another witness who was present. The absence of motive does not, as a matter of law, establish innocence nor does it necessarily raise a reasonable doubt of guilt. Its effect is a question for the trier of facts to decide. (*People* v. *Bauweraerts,* 164 Cal. 696, 702 [130 P. 717].) Proof of motive is never essential. The perpetration of the crime by appellant having been established, evidence of the motive for its commission becomes unimportant. Such evidence is never indispensable to conviction. (*People* v. *Durrant,* 116 Cal. 179, 208 [48 P. 75].) Appellant's motive was that which is usual in cases of robbery—the obtaining of money or property of another by means of force or threats.

Appellant's criticisms of the trial judge are couched in such language that severe punishment for contempt of court would follow were it not for the fact that he is now and for a long time will be incarcerated in the state prison.

The judgment and the order denying a new trial are affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied April 14, 1947.