THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* VENTURA SALGADO VELÁZQUEZ, Defendant and Appellant.

Nos. CR-65-237, CR-65-238.    Decided March 25, 1966.

*Félix Ochoteco, Jr.,* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Nilita Vientós Gastón, Assistant Solicitor General,* for The People.

PER CURIAM: Three full brothers are involved in the instant case. One is the defendant; another was killed by a bullet shot by a firearm. The third one is a witness for the prosecution who had served sentence for a crime.

The witness states that on New Year's Day, 1964, he arrived at about three o'clock in the afternoon at defendant's business. As he had not slept the night before, he dozed by the side of a window. He was awakened by the noise made by one of his brothers when asking the defendant to serve him a shot of rum. The witness rose and went behind the counter close to his brother, the defendant. The victim reproved both of them with obscene words and threw an empty bottle at them which hit the wall. The witness came out from behind the counter, went to the place where the attacker was and they wrestled. While in the struggle, his adversary fell backward on the floor. He had been wounded on his face with a "contact bullet" as described by the pathologist in the protocol of the autopsy. He did not see who fired the shot that wounded his brother when they were wrestling, he saw no firearms in the hands of his other brother, the defendant. He stated that he saw a person near the cigarette vending machine in the business, but he did not see any weapon in the latter's hands. He saw a lady by one of the windows but he stated that she was not the prosecution witness who had been sworn at the beginning of the trial.

The other witness for the prosecution is a lady who lives in a house contiguous to the business where the events occurred. She testified that as soon as she heard the detonation she ran to the store. She peeped through a window and saw the defendant with something flat in his hands. Upon being questioned by the prosecuting attorney and the judge she testified that it was a pistol. The protocol of the autopsy was admitted by stipulation.

The prosecuting attorney waived the other witnesses.

The defense introduced the testimony of one of those witnesses who was one of the police officers who appeared at the scene of the crime shortly after it occurred.

The defense intended to establish with the witness that when the latter arrived at the place the lady who testified

as witness for the prosecution had informed him that she knew nothing about what had occurred, but upon testifying at the trial said officer stated that he addressed all the persons there asking them if they knew anything about what had just happened and that nobody answered and that he was not sure whether the witness (the lady) had been there. The defense then introduced the testimony of an attorney to establish that the policeman had informed defendant's counsel, in his presence, that the witness had told him that she did not know anything about the facts of the case. That was all the evidence for the defense.

The judge instructed the jury that they could bring a verdict of not guilty or of guilty of murder in the first degree; guilty of murder in the second degree or guilty of voluntary manslaughter. The verdict was murder in the second degree.

In support of the appeal it is adduced that the evidence did not establish the defendant's guilt beyond a reasonable doubt and that the verdict, if one of guilty, should be manslaughter.

■ The evidence previously set forth, believed as it was by the jury, establishes the guilt of the defendant beyond a reasonable doubt and supports the verdict returned. We have already decided, following *Holland* v. *United States*, 348 U.S. 121–139 (1954), in *People* v. *Bonilla*, 78 P.R.R. 144 (1955) that circumstantial evidence is intrinsically the same as direct or testimonial evidence. See also, *People* v. *Ruiz*, 85 P.R.R. 463 (1962) ; *People* v. *Dávila*, 85 P.R.R. 432 (1962) ; *People* v. *Bonilla*, 83 P.R.R. 286 (1961).

■ As we stated before, the witness, defendant's brother, had been convicted of felony. The defense requested that the instructions on this particular should be drafted as follows :

"The fact that the witness, Josué Delgado Velázquez (read Salgado Velázquez) has been in the penitentiary because of the death of a man is a circumstance which you should take into

consideration in relation to the credibility that you will give to the testimony of said witness."

The judge, however, transmitted them as follows:

"Gentlemen of the Jury, one of the ways of challenging the credibility of a witness is by proving that that witness has been convicted of the commission of a felony. The citizen Josué Salgado Velázquez testified here before you as witness for the prosecution and this witness answered, upon being questioned by the Defense, that he and his brother, the deceased, had been accused of a murder and that they had been in the penitentiary. The fact that a person has been convicted of felony, is, I repeat, one of the ways granted by law to attack the credibility of a witness. Now, that does not mean that because of the fact itself that a person has been in the penitentiary, his testimony must be disregarded because of that fact. It is always left to the consideration of the trier to determine the degree of credibility which should be given to that witness despite his having been previously convicted of felony."

The instructions transmitted by the judge are more complete and express the same concept as the ones suggested by the defense.

■ The defense requested an instruction and the judge stated out loud and in the presence of the jury "Denied." Counsel for the defense requested then that the judge set forth the reasons for his ruling. The judge said that he would indorse them on the refused instruction as it is required by Rule 137 of the Rules of Criminal Procedure of 1963.

Appellant assigns as error that the refusal to transmit an instruction should not be communicated to the jury. In *People* v. *Cortés*, 69 P.R.R. 319 (1948) we held that it did not constitute an error. See also *People* v. *Maupins*, 158 Pac. 502 (Calif. 1916).

■ Appellant maintains that the judge erred in instructing the jury in relation to the witness introduced by the defense to impeach the testimony of the policeman introduced

as its first witness. The instruction was correct. The judge stated:

"Gentlemen of the Jury, in relation to this witness I instruct you in the following manner: you cannot weigh, nor study, nor consider the testimony given by Mr. González as a positive testimony here in relation to the facts investigated. Mr. González, a lawyer, has been presented, as a witness for the Defense only for the purpose of discrediting before you its own witness, policeman Franqui. In other words, to challenge, in your presence, the credibility that you might give to witness Franqui, introduced by the Defense. But you cannot, I repeat, interpret that testimony nor consider it as a positive testimony in relation to the guilt or non guilt of this defendant in the case. Is that situation clear?"

.    .    .    .    .    .    .    .

"Elaborating further, Gentlemen of the Jury, the instruction relative to that testimony given by Mr. González, you can neither use it in the sense that he intends to challenge the testimony given in court before you by the witness Carmen Escobar, "doña" Carmen. For the only purpose for which you can use that testimony and weigh it is for the purpose for which it was presented by the Defense, that is, to impeach the very witness of the defense, policeman Franqui." ·

None of the errors assigned having been committed, the judgments will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate herein.